UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMIE L. CARTER,

        Plaintiff,

        v.                        Case No. 23-cv-0441-bhl

JORDAN KIJEK and
SARAH RANSBOTTOM,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Tommie L. Carter, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Carter's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Carter has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Carter has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $281.65. Carter's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Carter explains that on October 2, 2022,[1] Defendant Jordan Kijek came to Carter's cell door and directed him to hand over the razor that Carter had been cutting himself with. Carter states that he repeatedly told Kijek that he did not have a razor and he had not cut himself. According to Carter, Kijek became agitated and said, "I will spray your ass if you do not give me the razor right now that you used to cut yourself with." Carter asserts that he again told Kijek that he did not have a razor and he had not cut himself. Carter states that he also told Kijek that he had not engaged in self-harm, was not suicidal, and had no intention of harming himself. Dkt. No. 1 at 2-3.

According to Carter, Kijek ignored him and then told Defendant Sarah Ransbottom to open Carter's trap so he could spray "his stupid ass." Carter asserts that he told Kijek he could not use OC spray because "he is medically contraindicated and was not actively engaging in self-harm." Ransbottom allegedly opened Carter's trap, and Kijek allegedly sprayed Carter in his face and mouth. Carter asserts that Ransbottom ignored his cries for help. Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of

---

[1] On April 13, 2023, Carter filed a motion to correct his complaint. Dkt. No. 7. He seeks to add the year 2022 to paragraph 6 of his complaint. The Court will grant his motion.

3

causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson* 503 U.S. at 6)). Carter may proceed on an excessive force claim against Kijek based on allegations that Kijek sprayed Carter with OC spray for no valid reason. Carter may also proceed on a failure-to-intervene claim against Ransbottom based on allegations that, despite having a realistic opportunity to prevent Kijek from harming Carter, she failed to do. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Finally, on April 19, 2023, Carter filed a motion for an emergency screening order. Dkt. No. 9. The Court will deny the motion. Carter is reminded that his is not the only case before this Court. The Court considers every document a party files and manages its docket accordingly. Having to resolve unnecessary motions such as this one takes up time and resources that should be devoted elsewhere. Accordingly, Carter is cautioned to be patient as this case proceeds and not to file unnecessary or frivolous motions.

**IT IS THEREFORE ORDERED** that Carter's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Carter's motion to correct his complaint (Dkt. No. 7) is **GRANTED** and his motion for an emergency screening order (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Carter's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Jordan Kijek and Sarah Ransbottom.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Kijek and Ransbottom shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Carter is located.

**IT IS FURTHER ORDERED** that the agency having custody of Carter shall collect from his institution trust account the $68.35 balance of the filing fee by collecting monthly payments from Carter's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Carter is transferred to another institution, the transferring institution shall forward a copy of this Order along with Carter's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Carter is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Carter may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on April 27, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge